IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN RANDALL DOYLE                                                          PLAINTIFF

v.                                      Civil No. 2:20-cv-02089

DEPUTY RICK, Crawford County Justice Center;
DETECTIVE JEREMEY CALDWELL,
Alma Police Department;
SERGEANT DENNIS SHORES,
Alma Police Department; and,
OFFICER B.D. KIMMONS                                                            DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.      BACKGROUND**

Plaintiff filed his Complaint on May 29, 2020. (ECF No. 1). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) was granted by the Court. (ECF No. 3). An Order was entered on June 1, 2020, directing that an Amended Complaint be filed. (ECF No. 6). Plaintiff's Amended Complaint was filed on June 5, 2020. (ECF No. 7).

Plaintiff's Amended Complaint states four claims. (ECF No. 7). Each of Plaintiff's claims concern his allegations that he was "stopped on a warrant that was not active," illegally searched, and is being unlawfully imprisoned on currently pending criminal charges. *Id.*

1

**II.     APPLICABLE LAW**

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

**III.    DISCUSSION**

As set forth above, Plaintiff's claims against the Defendants involve his allegations that he was stopped on an inactive warrant, illegally searched, and is being unlawfully imprisoned on currently pending criminal charges. (ECF No. 7). Plaintiff's claims, which challenge the validity of the pending state criminal proceedings against Plaintiff, are barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971).

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th

Cir. 1998). The *Younger* abstention doctrine reflects the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to this case because Plaintiff's claims involve an ongoing state judicial criminal proceeding against Plaintiff; the state clearly has an important interest in enforcing its criminal laws; and, Plaintiff has given no indication that he cannot raise his constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). Further, there is no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate. Because Plaintiff seeks monetary damages and injunctive relief, the *Younger* abstention doctrine favors dismissal. *See Night Clubs, Inc.*, 163 F.3d at 481.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint (ECF No. 7) is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 10th day of June 2020.

/s/ *P. K. Holmes, III*
HON. P. K. HOLMES, III
UNITED STATES DISTRICT JUDGE